UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ST. PAUL FIRE &                                             CIVIL ACTION
MARINE INSURANCE COMPANY

versus                                                      No. 05-0826

QUAN TRAN                                                   SECTION:  I/3

### ORDER AND REASONS

Before the Court is a motion for summary judgment submitted by plaintiff, St. Paul Fire & Marine Insurance Company ("St. Paul"), pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.[1] For the following reasons, plaintiff's motion is **GRANTED**.

### *BACKGROUND*

In September, 2003, St. Paul issued an insurance policy for the F/V MISS MARIE, a vessel owned by defendant, Quan Tran ("Tran").[2] The policy contains an "Inchmaree" clause, which insures against losses outside of those caused by natural forces.[3] The Inchmaree clause is

---

[1] Rec. Doc. No. 12.

[2] Rec. Doc. No. 12, Mem. p. 1.

[3] Rec. Doc. No. 16-2, p. 10.  An "Inchmaree" clause is "[a]n insurance-policy provision that protects against risks not caused by nature, such as a sailor's negligence or a latent defect in machinery.  This term is taken from a British ship, the *Inchmaree*, whose sinking in 1884 gave rise to litigation that led to the clause bearing its name." *Black's Law Dictionary* 764 (7th ed. 1999).  Defendant occasionally refers to this clause as a "Taylor" form.  Rec. Doc. No. 16-1, p. 2.

1

included in this policy as a standardized printed form.[4] The relevant portion of that clause states that "[t]his insurance also covers loss of or damage to the vessel named herein directly caused by . . . [n]egligence of master, mariners, engineers or pilots."[5] This clause specifically applies to the MISS MARIE's "hull, tackle, engines, boilers, appurtenances, equipment, stores, boats and furniture."[6]

The policy also contains an additional page titled "Supplemental Terms and Conditions," which includes a named perils clause that defines the coverage of the vessel's "engines, gears or clutches."[7] This supplemental provision specifies that the policy does not cover damage to the MISS MARIE's engine unless that damage is caused by fire, lightning, explosion, collision with another vessel, or complete sinking due to a covered peril.[8]

In August, 2004, the MISS MARIE was run aground by the vessel's pilot, damaging the MISS MARIE's engine.[9] The parties agree that the engine damage was caused by the negligence of the MISS MARIE's pilot.[10]

Tran made a claim with St. Paul for the engine damage, relying on the coverage provision found in the Inchmaree clause.[11] St. Paul denied the claim, relying instead on the supplemental

---

[4] Rec. Doc. No. 19, pp. 1-2.

[5] Rec. Doc. No. 16-2, p. 10.

[6] Rec. Doc. No. 16-2, p. 10.

[7] Rec. Doc. No. 16-2, p. 2.

[8] Rec. Doc. No. 16-2, p. 2.

[9] Rec. Doc. No. 16-1, p. 1.

[10] *See* Rec. Doc. No. 12, Mem. p. 2; *see also* Rec. Doc. No. 3, p. 2 ¶8.

[11] Rec. Doc. No. 16-1, p.1.

terms and conditions clause that excludes coverage for engine damage unless caused by one of the enumerated perils.[12]  In March, 2005, St. Paul petitioned this Court for a declaratory judgment stating that it has no liability to Tran with respect to damage to the MISS MARIE.[13]  Tran answered that petition in July, 2005,[14] and plaintiff's instant motion for summary judgment followed.[15]

*LAW AND ANALYSIS*

**I.  Standard of Law**

Summary judgment is proper when, after reviewing the "pleadings, depositions, answers to interrogatories . . . [and] affidavits," the court determines that there is no issue of material fact.  Fed. R. Civ. P. 56(c).  The party seeking summary judgment always bears the initial responsibility for informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 266, 274 (1986).  The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case.  *Id.*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986) (internal quotation omitted).

Once the party seeking the summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106

---

[12] Rec. Doc. No. 16-1, p. 1.

[13] Rec. Doc. No. 1.

[14] Rec. Doc. No. 3.

[15] Rec. Doc. No. 12.

S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).  The showing of a genuine issue is not satisfied by creating some metaphysical doubt as to the material facts by conclusory allegations, unsubstantiated assertions, or by only a scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted).  Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202, 211-12 (1986).  The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue.  *Id.*  The non-moving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [that party's] favor."  *Hunt v. Cromartie*, 526 U.S. 541, 552, 119 S. Ct. 1545, 1551-52, 143 L. Ed. 2d 731, 741 (1999) (internal quotation and citation omitted) (alternation in original).

## II. Choice of Law

The United States Supreme Court has held that state law should govern marine insurance contracts as long as there is no federal legislation or conflicting federal judicial rule established.  *See Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310, 321, 75 S. Ct. 368, 374, 99 L. Ed. 337 (1955).  The Fifth Circuit also has stated that "state law governs construction of marine insurance contracts except where it is displaced by admiralty law."  *Employers Ins. of Wausau v. Trotter Towing Corp.*, 834 F. 2d 1206, 1210 (5th Cir. 1988).

This Court can find no federal legislation or judicial rule mandating that admiralty law shall apply when interpreting conflicting provisions in a marine insurance policy.  No such legislation or rule has been cited by the parties, and the parties have not argued otherwise.  If not displaced by admiralty law, the law of the state where the contact was formed ordinarily governs the construction of marine insurance contracts.  *Thanh Long P'ship v. Highlands Ins. Co.*, 32 F.

4

3d 189, 193 (5th Cir. 1994). The policy was signed in New Orleans, Louisiana on September 1, 2003.[16] Therefore, Louisiana state law will govern in this case.

## III. Analysis

Plaintiff argues that the provision in the supplemental terms and conditions clause should prevail over the conflicting Inchmaree clause and, therefore, plaintiff should be found to have no liability to Tran for the engine damage. In Louisiana, courts considering insurance contracts will employ the general rules governing the interpretation of contracts. *Leckie v. Auger Timber Co.*, 707 So. 2d 459, 461 (La. App. 2d Cir. 1998) (citing *Collinsworth v. Foster*, 680 So. 2d 1275 (La. App. 2d Cir. 1996)). Terms and provisions are to be construed in their general and popular meaning, and any ambiguity will be construed against the insurer and in favor of the insured. *Cugini, Ltd. v. Argonaut Great Cent. Ins. Co.*, 889 So. 2d 1104, 1112 (La. App. 5th Cir. 2004).

"A provision of an insurance policy limiting liability or negating coverage that is otherwise provided will be given effect if it is clear and unambiguous." *McWright v. Modern Iron Works, Inc.*, 567 So. 2d 707, 709 (La. App. 2d Cir. 1990), *writ denied,* 571 So. 2d 651 (La. 1990) (citing *Sargent v. La. Health Serv. & Indem. Co.*, 550 So. 2d 843 (La. App. 2d Cir. 1989)). Furthermore, pursuant to Louisiana law, where an attachment or endorsement[17] to a policy conflicts with the terms of the policy, the attachment or endorsement will control. *Bailsco Blades & Casting Inc. v. Fireman's Fund Ins. Co.*, 737 So. 2d 164, 166 (La. App. 2d Cir. 1999) (citing *McWright*). If coverage is provided in the policy, but then excluded in the attachment, coverage will be excluded. *Id.*; *see also* La. R.S. § 22:654 ("Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy, and as

---

[16] Rec. Doc. No. 16-2, p. 1.

[17] An endorsement is "[a]n amendment to an insurance policy; a rider." *Black's Law Dictionary* at 548.

amplified, extended, or modified by any rider, endorsement, or application attached to or made part of the policy.")

This policy recognizing the preeminence of endorsements has been consistently applied by Louisiana state courts and by federal courts applying Louisiana law.  *See e.g. Smith v. W. Preferred Cas. Co.*, 424 So. 2d 375, 376 (La. App. 2d Cir. 1982) ("[I]in the event of any conflict between the endorsement and the policy the endorsement prevails.") (citing *Maggio v. Manchester Ins. Co.,* 292 So. 2d 255, 257 (La. App. 4th Cir. 1974)); *Zurich Ins. Co. v. Bouler*, 198 So. 2d 129, 131 (La. App. 1st Cir. 1967); *see also Carter v. Vangilder*, 803 F.2d 189, 191 (5th Cir. 1986) (citing *Roberts v. P. & J. Boat Service, Inc.*, 357 F. Supp. 729, 734 (E.D. La. 1973)); *Alleman v. Bunge Corp*. 779 F.2d 218, 220 (5th Cir. 1985) (holding that a typewritten endorsement in a marine insurance policy excluded coverage despite a conflicting provision contained within the policy); *Anderson v. Lumene*, No. 03-2998, 2004 WL 2584968, at *2 (E.D. La. Nov. 15, 2004).

In his brief opposition, Tran first argues that both the typewritten supplemental terms and conditions provision and the printed Inchmaree clause should be considered "additional clauses."[18]  Tran offers no evidence in support of his contention that the Inchmaree clause included in the policy should be considered an "additional" clause.  The Inchmaree clause appears to be a standard printed form into which the name of the insured and the policy number have been inserted.[19]  On its face, the Inchmaree clause is a standard part of the policy, not an addition to it.

---

[18]Rec. Doc. No. 16-1, pp. 1-2.

[19]Rec. Doc. No. 16-2, p. 10.

Tran's next and more compelling argument posits that the policy is ambiguous and that, because an ambiguous insurance policy should be read in favor of providing coverage to the insured, St. Paul should be liable for the engine damage.  Louisiana law holds that ambiguity in an insurance policy should be construed liberally in favor of coverage; this policy applies when a term is susceptible to two or more interpretations, each of which is reasonable.  *Cugini*, 889 So. 2d at 1112; *Cadwaller v. Allstate Ins. Co.*, 848 So. 2d 577, 580 (La. 2003).  The cases that plaintiff cites in support of his argument, however, are inapposite to the facts presented in this case.  *See Employers*, 834 F.2d at 1210 (applying Mississippi law); *McIntosh v. McElveen*, 893 So. 2d 986, 991-92 (La. App. 5th Cir. 2004) (construing ambiguity in favor of coverage where conflicting provisions were both contained in the body of the policy and no endorsement was present); *Cugini*, 889 So. 2d at 1113 (same); *Domingue v. Rodrigue*, 686 So. 2d 132, 137 (La. App. 1st Cir. 1996) (enforcing a policy provision that limited liability and holding that "unambiguous provisions in the insurance contract limiting liability must be given effect").

In these cases, Louisiana courts considered conflicts between provisions contained within the body of the policy; the contracts at issue in these cases did not contain endorsements like the one at issue in the instant case.  Moreover, the endorsement and Inchmaree clause cannot be harmonized.  Considering the well-established jurisprudence in Louisiana holding that an endorsement to a policy will trump a conflicting provision in the body of the policy, the Court finds that defendants have failed to established the requisite genuine issue of material fact necessary to defeat plaintiff's motion.

Accordingly,

**IT IS ORDERED** that plaintiff's motion for summary judgment[20] is **GRANTED**.  A declaratory judgment will issue in conjunction with this order.

New Orleans, Louisiana, June __28th__, 2006.

                                            **LANCE M. AFRICK**
                                            **UNITED STATES DISTRICT JUDGE**

---

[20] Rec. Doc. No. 12.